(No. 80-CV-0373—)

*In re* APPLICATION OF RUTH TEAGUE.

*Order filed March 19, 1980.*

RUTH TEAGUE, *pro se*, for Claimant.

WILLIAM J. SCOTT, Attorney General (ALAN R. BOU-DREAU, Assistant Attorney General, of counsel), for Respondent.

PER CURIAM.

This claim arises out of an incident that occurred on October 20, 1978. Ruth Teague, mother of the victim, Lawrence Oliver, Jr., seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1977, ch. 70, par. 71 *et seq*.

This Court has carefully considered the application for benefits submitted on the form prescribed by the Court, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That on October 20, 1978, the victim was shot by an off-duty Deputy Sheriff of Cook County, after the deputy sheriff caught the victim in the act of burglarizing his garage. The deputy sheriff pursued the victim to a vacant lot at 3138 W. 16th Street, Chicago, Illinois. The victim stopped, swung a tire iron at the deputy sheriff, and the deputy sheriff then shot the victim. The victim was dead on arrival at Mount Sinai Hospital. The

incident was classified as a justifiable homicide and no charges were brought against the deputy sheriff.

2. That section 3(f) of the Act states that a person is entitled to compensation under the Act if the injury to or the death of the victim was not substantially attributable to the victim's wrongful act or substantial provocation of the assailant.

3. That it appears from the investigatory report and the police report that the victim's death was substantially attributable to his burglarizing the deputy sheriff's garage, and his subsequent attack on the deputy sheriff with a tire iron.

4. That the Claimant has not met a required condition precedent for compensation under the Act.

It is hereby ordered that this claim be, and is, hereby denied.